IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HALL, | No. C 13-1426 TEH (PR) |
| Petitioner, | ORDER REGARDING MIXED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| RALPH M. DIAZ, Warden, | Docket # 1 |
| Respondent. | |

On March 29, 2013, Petitioner Vincent Hall, an inmate at the California Substance Abuse Treatment Facility and State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On the same date, Petitioner paid the $5.00 filing fee. For the following reasons, the Court finds that Petitioner has filed a mixed petition and orders Petitioner to inform the Court about how he wishes to proceed.

I

Petitioner's federal petition provides the following information.

Petitioner was convicted by a jury in the Superior Court of San Francisco County of second degree murder with a knife and three counts of possession for sale or transportation of oxycodone. On March 13, 2009, the Superior Court sentenced Petitioner to seventy-eight years to life. Petitioner appealed his conviction to the California Court of Appeal, which affirmed the conviction in 2011. The California Supreme Court denied the petition for review in 2012. Petitioner then filed the instant federal petition for a

writ of habeas corpus.

In this petition, Petitioner asserts five grounds for relief, all of which appear to be colorable. However, Petitioner indicates that one of the claims has not been exhausted in the state courts. Petitioner describes this claim as the failure of the prosecution "to disclose relevant exculpatory evidence relating to the credibility of two investigating officers who provided important testimony supporting the prosecution case." Pet'n at 8. He indicates that, after his appeal was decided, his trial counsel was provided with information that the prosecution had received information that past conduct of Inspector Jones and Officer McDevitt "may have implications for trials in which the officer may have testified." Petitioner states that he is preparing a petition for a writ of habeas corpus based on the information about Officer McDevitt, but has not yet received the information about Inspector Jones.

## II

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'an initial

2

opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The court generally may not grant relief on an unexhausted claim, see 28 U.S.C. § 2254(b)(1).

The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. See Rose v. Lundy, 455 U.S. 509, 522 (1982). A dismissal solely for failure to exhaust is not a bar to returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). However, when faced with a post-AEDPA mixed petition, as is the case here, the district court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by withdrawing his unexhausted claims and proceeding only on his exhausted claims, or of dismissing the entire mixed petition and returning to federal court with a new petition once all claims are exhausted. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)).

Petitioners with mixed petitions also may seek a stay of the petition pursuant to Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), under which a prisoner may file a protective petition in federal court and ask the court to stay federal habeas proceedings until all state remedies are exhausted. District courts have the authority to issue such stays. Rhines, 544 U.S. at 277-278. Under Rhines, a stay is appropriate where the district court determines

3

that good cause existed for the petitioner's failure to exhaust his claims in state court, and that such claims are potentially meritorious. Id.; see also Pace, 544 U.S. at 416.

III

Based on the foregoing, the Court orders that:

Within thirty (30) days from the date of this Order, Petitioner shall inform the court in writing whether he wishes to (1) withdraw his unexhausted claims and proceed only on his exhausted claims; (2) dismiss the entire mixed petition and return to federal court with a new petition once all claims are exhausted; or (3) move for a stay of the petition if he can show that there was good cause for his failure to exhaust the unexhausted claims in state court and that the claims are potentially meritorious. See Rhines, 544 U.S. at 277.

Failure to respond within the designated time will result in the dismissal of the entire mixed petition without prejudice to filing a new federal petition containing only exhausted claims.

IT IS SO ORDERED.

DATED     04/22/2013

THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\HC.13\Hall 13-1426 HC Mixed Pet.wpd