IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT HALL, | No. C 13-1426 TEH (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| BRIAN HAWS, Warden, | |
| Respondent. | |

On March 29, 2013, Petitioner Vincent Hall, an inmate at Lancaster State Prison (LSP), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  On April 24, 2013, the Court issued an Order Regarding Mixed Petition in which it found that Petitioner had filed a mixed petition containing exhausted and unexhausted claims because he had indicated in his petition that one of his claims was unexhausted.  Doc. #2.  In the Order, the Court explained to Petitioner that a federal court must dismiss a mixed petition and provided him with an opportunity to amend the petition by withdrawing the unexhausted claim and proceeding only on the exhausted claims, or to dismiss the mixed petition and return to federal court with a new petition once all claims were exhausted.

---

[1] Petitioner initially named Ralph M. Diaz, Warden of the California Substance Abuse and Treatment Facility, where Petitioner was formerly incarcerated, as Respondent in this action.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Brian Haws, the Warden of LSP, where Petitioner is currently incarcerated, is hereby SUBSTITUTED as Respondent in place of Petitioner's prior custodian.

The Court also explained that Petitioner could seek a stay of the petition while he was exhausting his claim in state court.

Petitioner initially filed a motion to stay his petition. Doc. #9. However, he was relying on the fact that his appellant attorney would continue to represent him in his habeas action. He subsequently discovered that his appellate attorney was no longer representing him. In light of this new information, the Court issued an Order requesting clarification from Petitioner regarding whether he continued to move to stay and abey his petition while he exhausted a <u>Brady</u> claim in state court. On October 2, 2013, Petitioner filed a notice that he wishes to dismiss his unexhausted claim and proceed with his exhausted claims. Doc. #15.

In previous Orders, the Court has found Petitioner's exhausted claims to be cognizable.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this Order, all previous Orders of the Court, the Petition, and all attachments thereto (i.e., Doc. #1), on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within sixty-three (63) days of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the Answer

2

and serve on Petitioner a copy of all portions of the record that have been transcribed previously and that are relevant to a determination of the issues presented by the Petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within twenty-eight (28) days of his receipt of the Answer.

3.  In lieu of an Answer, Respondent may file a Motion to Dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an Opposition or Statement of Non-Opposition within twenty-eight (28) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a Reply within fourteen (14) days of receipt of any Opposition.

5.  Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner also must keep the Court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED   *10/09/2013*             _____
                                  THELTON E. HENDERSON
                                  United States District Judge

G:\PRO-SE\TEH\HC.13\Hall 13-1426 OSC.wpd

3